"Is the defendant Lucius Tilley indebted to the plaintiffs? If so, in what amount?"
"Did the defendant A. McNichol satisfy the note made to Mrs. McNichol,"
The plaintiff introduced Mr. W. F. Carter, who testified as follows: "There was a note signed by Mrs. McNichol and endorsed by defendant Tilley, and one payable to plaintiffs, I think, and one to Everett. I don't remember the amount of either. I was in possession of the note to plaintiff, and held it on conditions."
In reply to a question whether witness was at any time sent by defendants to the plaintiffs as their attorney with a request, if so, what the character of such communication was, witness stated: "I was counsel for the defendant in whatever I did relative to this matter, and I decline to answer the question on the ground that any (557) communication or transaction had with them was privileged."
The plaintiffs stated that they proposed to show by this witness that he came at the request of the defendant A. McNichol and Tilley to the plaintiffs' attorney at the date of maturity of the note sued on and asked an extension of time for payment. *Page 346 
T. M. Everett, a witness for plaintiffs, testified: "The pool tables were in the hotel; had been purchased by one Westbrook and myself from the plaintiffs. The plaintiffs retained title. We gave $400 for them when they were delivered. Westbrook left before they were paid for. There was a balance due of $234.17. I undertook to buy them, but could not get the money. Mrs. McNichol was keeping the hotel at Mount Airy, and the tables were there. I told her she could get the tables for the balance of the purchase money. She said she would give plaintiffs' attorney a note on sixty days time, with Tilley as surety. I got blank note and left it with her; also one to be given to me for chairs and fixtures, which were mine. I got my note, which was signed by her, and afterwards paid. She told me she had given both notes to W. F. Carter. I got my note from him. Mrs. McNichol asked me to name some suitable person to take charge of the tables. On my recommendation, she got one Mitchell. The tables were run for pay about one month. Mr. McNichol never came to Mt. Airy until some time after Mrs. McNichol came. After A. McNichol came, I played pool with him sometimes on the table; paid nothing. I don't know of being used for pay after Mr. McNichol came. Mrs. McNichol gave up the hotel in about a year, and it has since been run by Mr. Quincy. She does not hire them. (558) The tables are there in the hotel now and have been ever since." Defendant introduced no evidence. At the close of the testimony the plaintiff's counsel stated to the court that Mrs. McNichol being a married woman, they did not claim that she could be held liable on her note, and they would ask no issue as to her.
Defendants demurred to the evidence ore tenus on the ground that the evidence showed that the note had never been delivered to plaintiffs' attorney on conditions; and as to Mr. McNichol, that upon the whole evidence the plaintiffs were not entitled to recover against him.
The court declined to so hold, but submitted two issues to the jury and instructed them that if they found that the note had been signed by Mrs. McNichol, with defendant Tilley as surety, and that the note was delivered to plaintiffs or their agent, that the plaintiffs were entitled to recover against Tilley; but that if they found from the evidence that the note had been signed by Mrs. McNichol and Tilley as surety for her, and had been handed to their attorney to be held by him until some conditions were performed, and that he had never delivered it to plaintiffs or their agents, the plaintiff would not be entitled to recover against Tilley.
And as to the second issue, that if the jury found from the evidence that defendant A. McNichol, after coming to Mt. Airy, used the pool tables, and thereby ratified the purchase by his wife, they should find the second issue "Yes." *Page 347 
The jury responded to the first issue "No" and to the second issue "Yes."
There was judgment for plaintiffs against defendant A. (559) McNichol, and he appealed.
The plaintiffs abandoned their claim against Mrs. McNichol. The jury rendered a verdict in favor of the defendant Tilley, from which no appeal was taken by the plaintiffs. The jury rendered a verdict in favor of the plaintiffs against A. McNichol, and judgment for the plaintiffs was entered and he appealed. This was done on the ground that he had ratified the personal contract of his wife. We find no evidence of such ratification in the record, and the question of his liability should not have been submitted to the jury. There was
Error.
(560)